# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 2476 | **DATE** | 9/24/2003 |
| **CASE TITLE** | | Heston Vs. Equifax Credit Information, et al. | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■    [Other docket entry]    Defendant Citibank's motion to transfer venue is granted and the case is transferred to the Central District of California, Western Division. Enter Memorandum Opinion and Order. Any pending motion, including plaintiff's motion to compel, in this case is terminated as moot. All schedules set in this case are also vacated.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | |
|---|---|---|---|
| | No notices required. | | number of notices |
| ✓ | Notices mailed by judge's staff. | | 5 |
| | Notified counsel by telephone. | | SEP 2 6 2003 |
| ✓ | Docketing to mail notices. | | date docketed |
| ✓ | Mail AO 450 form. | | docketing deputy initials |
| | Copy to judge/magistrate judge. | | 9/24/03 |
| MPJ6 | courtroom deputy's initials | | date mailed notice |
| | | | mailing deputy initials |

Document Number

23

U.S. DISTRICT COURT
CLERK
03 SEP 24 PM 5:3 ·

Date/time received in central Clerk's Office

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

CAROLE HESTON,                              )
                                            )
            Plaintiff,                      )
                                            )
      v.                                    )
                                            )
EQUIFAX CREDIT INFORMATION                  )    No. 03 C 2476
SERVICES, TRANS UNION LLC, and              )
CITIBANK (SOUTH DAKOTA) N.A.,               )
                                            )
            Defendants.                     )

**DOCKETED**

SEP 2 6 2003

### MEMORANDUM OPINION AND ORDER

Plaintiff Carole Heston, an individual citizen of California, states that she has been the victim of identity fraud. Ms. Heston further claims that defendant Citibank, along with defendants Equifax and Trans Union, have violated the Fair Credit Reporting Act by failing to properly investigate and report her claim of identity fraud. Citibank has filed a motion to transfer venue from this court to the United States District Court for the Central District of California, Western Division, pursuant to 28 U.S.C. §1404(a). I grant Citibank's motion.

This court may transfer venue to another district court for reasons of convenience when it is "in the interest of justice." *28 U.S.C. §1404(a)*. The moving party must show that (1) venue is proper in this district, (2) venue is proper in the transferee district, and (3) the transferee district is "clearly more convenient" than this district. *CoolSavings.Com v. IQ.Commerce Corp.*, 53 F. Supp.2d 1000, 1005 (N.D. Ill. 1999). Neither party

contests the propriety of venue in either district, so the remaining issue is whether the Central District of California, Western Division, is clearly more convenient.

I consider both the private interests of the parties and the public interest of the court when evaluating the relative convenience of two forums. The private interests are (1) the plaintiff's choice of forum; (2) the situs of material events; (3) the relative ease of access to sources of proof in each forum; and (4) the convenience of the parties. The public interests considered include the court's familiarity with the applicable law and the desirability of resolving a case in a particular forum. *Id.* at 1005-1006.

I first consider the plaintiff's choice of forum. Normally, this choice weighs heavily in a §1404 decision, unless no significant connection to the chosen forum exists. *Id.* at 1005. In this case, no significant connection to this district exists. Ms. Heston is a citizen of California, giving her choice of this forum less weight in my decision. *Murphy v. Avon Products,* 88 F. Supp.2d 851, 852 (N.D. Ill. 1999). Ms. Henson further does not allege any facts connecting her claims under the Fair Credit Reporting Act to locations within this district. This factor weighs in favor of transfer.

Next, I consider the situs of material events. Ms. Henson alleges no facts that would place the situs of material events

within this district. By her own admission, the wrongs she complains of with regard to her credit report are national, perhaps even global, in nature. Nothing connects specifically with this district, and the only connection with the Central District of California is the fact that Ms. Henson is a resident in that district. This factor does not weigh decisively in either direction.

Third, I consider the relative ease of access to sources of proof. Citibank is headquartered in South Dakota and Ms. Henson is a resident of California. Neither party has a direct connection to this district, nor does Ms. Henson allege that any evidence is to be found within this district. On the other hand, Ms. Henson herself and her own records are located in California, including the records needed to prove her claims of emotional distress and out-of-pocket expenses. This factor weighs slightly in favor of transfer.

Finally, I consider the convenience of the parties, including their respective residences and ability to bear the costs of trial. Ms. Henson, as a resident of California, makes the unusual argument that transfer should not be granted because of the increased inconvenience to Citibank. Citibank, however, states that a transfer to California would not be more inconvenient for it than this district.

3

Ms. Henson further argues that transfer to California would increase her inconvenience because of the location of her counsel. However, the location of counsel is, at best, of minor consideration when evaluating a transfer. *Murphy,* 88 F. Supp.2d at 853. Although Ms. Henson's chosen counsel is primarily located in Chicago, she admits that they do have members admitted in California. Despite her alleged initial difficulties in finding qualified counsel, Ms. Henson makes no statement that her chosen counsel will not represent her regardless of where this claim is brought. The convenience factor weighs slightly in favor of transfer.

In addition to these private factors, I must also consider the interests of this court, including familiarity with the relevant law and the interests of resolving the dispute within the district. As Ms. Henson's claims under the Fair Credit Reporting Act involve federal law, both district courts should be equally capable of handling those claims in a fair and timely manner. The interest of resolving the dispute within a given district weighs in favor of transfer. California surely has an interest in protecting its citizens, including Ms. Henson. This district has no corresponding interest.[1] The public factors weigh in favor of transfer.

---

[1] Ms. Henson suggests that because Chicago is located within this district, an especially large number of companies and individuals in the district would potentially be affected by interpretation of the Fair Credit Reporting Act. Even if her theory holds true, the presence of Los Angeles within the Central

4

After careful consideration of the preceding factors, I conclude that Ms. Henson's claim against Citibank has no connection to this district other than the location of her chosen counsel. This tenuous connection is not sufficient to counterbalance the factors that weigh in favor of transfer. I therefore grant Citibank's motion and transfer this case to the Central District of California, Western Division.

ENTER ORDER:

**Elaine E. Bucklo**
United States District Judge

Dated: September 24, 2003

---

District of California, Western Division, should ensure an equally large group of potentially affected entities.